BEFORE THE THIRD DIVISION, JUNE 29, 1950

**No. 54516.**—Leung Gum Jee *v.* United States, protest 138659–K (San Francisco).

EKWALL, Judge: In this case plaintiff claims that the liquidation of 200 dozen jars of what is described as "Tiger Balm" contained in three packages is erroneous in that through clerical error the merchandise was invoiced and entered at a price for each jar, whereas it should have been entered at a price per dozen jars. From the record it appears that the importer was a seaman; that a *pro forma* invoice was made by a customs broker from information given to him by the importer. The broker testified that he intended to state the unit value of the three packages

in suit at a unit value per dozen. However, it appears on the *pro forma* invoice as follows:

| Description of Goods | Unit Value | Amount |
| --- | --- | --- |
| 3 PKGS. TIGER BALM, 200 DZ. JARS | | |
| XXXX EA JAR_____ | .70833 | $170.00 |

The examiner who passed upon the invoice and advisorily classified the merchandise testified that he was familiar with Tiger Balm and was familiar with the values thereof. His testimony was that for the size indicated, the unit value would be for a dozen. He gave the following testimony:

Q. Now, when you appraised this merchandise how did you appraise it; was the value given in the pro forma invoice in the entry sufficient?—A. The invoice indicates each jar here. I didn't note that at the time. I just noticed the number of dozen and the price; I didn't note the each jar notation.

Q. In other words, you did not appraise on the basis of each jar?—A. I did not.

On cross-examination, he testified:

X Q. What was your advisory appraisement?—A. Well, I intended it to be the unit price per dozen, but I did not note the statement here "each jar" on the invoice.

X Q. Well, what did you actually advise the appraisement to be? Not what you intended, what did you do?—A. All importations of this merchandise were per dozen pieces always, in every invoice. I didn't notice this statement on the invoice, "each jar."

\*     \*     \*     \*     \*     \*     \*

JUDGE CLINE: What do the official papers show the appraisement to be?

THE WITNESS: The papers showed it to be—to state "each jar" and I did not note that in my return.

JUDGE CLINE: And did so intend to?

THE WITNESS: And did not so intend.

BY MR. WELSH:

X Q. Each jar, at what value?—A. .70833 dollars.

X Q. American?—A. American currency.

The record discloses that the appraiser who appraised the merchandise was no longer with the Government. The summary sheet in evidence shows that the invoice and entered value, viz, $.70833, was checked as correct by the appraiser. No appeal for reappraisement was filed.

It has been held on numerous occasions that there can be no relief on the ground of clerical error unless the final appraised value is equal to or less than the entered value would be if the correction were allowed. *Giarrantani & Perricone* v. *United States*, 67 Treas. Dec. 1095, Abstract 29987; *Bernard* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *Levor* v. *United States*, 54 Treas. Dec. 693, Abstract 7361; *Corre* v. *United States*, id. 709, Abstract 7462; *Tower* v. *United States*, 55 Treas. Dec. 1110, Abstract 8470; *McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401; *Decorative Plant Co.* v. *United States*, 59 Treas. Dec. 1543, Abstract 15078.

The final appraised value in this case has not been overcome. The merchandise was appraised at the entered value, and the only testimony as to what the importer considered the proper value of the goods for customs purposes is that given by the customs broker who made the entry and who stated that he had no knowledge of his own as to what the importer had actually paid for the imported merchandise but that he had taken the figures given him by the importer. That the examiner testified that he overlooked the notation "each jar" on the invoice in making his advisory appraisement, cannot alter the fact that the appraiser

approved the value of $.70833 each jar rather than per dozen jars. The red-ink notation appearing on the invoice, in which a red-ink line was drawn through the words "EA JAR," and there was added in red ink "per doz. jars extension in-. correct," was made long after the appraisement took place and can have no effect, if intended as a second appraisement.

Under the authorities, we can find no ground upon which we could grant relief for clerical error upon this record. In the case of *Bernard* v. *United States*, *supra*, a clerk in the office of a customs broker was instructed to subtract an item for inland freight amounting to $7.62 from the invoiced value. He drew a circle around the item but afterwards overlooked it and did not make the deduction he intended to make. The court there, although it held that this constituted clerical error, stated it could not grant relief. We quote from the court's decision as follows:

The collector must assess the duty upon the value so returned except only in cases where the value returned is less than the entered value. He must not liquidate on a value less than that so returned, but must take more if the entered value is higher than the appraised value.

In the case at bar if the appraiser had appraised the merchandise at the invoiced value less $7.62, we would be justified in ordering the collector to reliquidate and take duty upon that value by reason of the clerical error made in the entering of the merchandise, but such is not the fact. The merchandise was appraised at the invoiced value. The importer might have appealed to reappraisement, and upon appeal the court might have found a different or lower value. That was his only method to obtain relief so far as the appraisement of the merchandise is concerned. It may be added that because an error was made in entering the merchandise it does not follow that there was a mistake in appraising. The appraiser may have learned that the place where the factory was located was the principal market, or for some other reason the item for freight should not be deducted.

To recapitulate, this court in a classification proceeding can order a reliquidation for the purpose of correcting a clerical error in the consumption entry but can not correct an error or mistake in appraisement. To order a reliquidation, however, in the case at bar for the purpose of giving effect to the intention of the importer to enter the merchandise at a lower value would be an empty gesture, because the collector would still be under obligation to assess the duty upon the value returned by the appraiser, as provided by section 503, supra.

In the case at bar the collector was bound to follow the appraised value under section 503 (a) of the Tariff Act of 1930. Plaintiff is seeking a reduction in the value of the merchandise for which relief could be given only by a timely appeal for reappraisement. No such appeal was filed.

The case of *KK Importing Corp.* v. *United States*, 2 Cust. Ct. 601, Abstract 40773, is directly in point here. By reference to the full decision we find the following:

From these reports it appears that the merchandise was inadvertently entered at yen 9.00 per dozen, whereas it should have been entered at that amount per gross. The collector suggests in his letter that relief should have been sought under section 501 of the Tariff Act of 1930. As it appears that the appraiser checked the entered value (which was stated to be per dozen) on the summary sheet as correct, and in view of the fact that he is without power to change his appraised value, we agree with the suggestion made in the collector's letter in evidence, that plaintiff's remedy was by appeal to reappraisement under section 501. * * *

We find that the error herein was made by one upon whom a duty devolved to exercise original thought or judgment. He had been made entirely responsible for making entry. He made the entry in the form and substance in which he intended to make it. Under the authorities, such a mistake does not constitute clerical error within the meaning of the statute. See *McQuillan* v. *United States*, *supra*.

234

Plaintiff's claims are therefore overruled.   Judgment will be rendered for the defendant.