BEFORE THE THIRD DIVISION, NOVEMBER 14, 1950

**No. 54858.**—Jahan Trading Co. v. United States, protest 144665–K (A) (New York).

EKWALL, Judge: In this case plaintiff claims that as a result of a clerical error certain imported merchandise was erroneously invoiced, entered, and appraised; that because of the alleged clerical error the entered value is not binding; and, further, that a notice of appraisement should be sent to the importer. The last-mentioned claim was not pressed and apparently was waived.

The item of merchandise involved is described on the consular invoice as item No. 174/00100/11 "10 Fruit plates" the value being given as $53.30 each, which is extended at a value of $533. Appraisement took place at the unit value above set forth. From this appraisement no appeal was taken. Plaintiff contends that the invoice price represented the price of sets rather than individual plates and that the correct purchase price was $21.08 each. In support of this contention, evidence was offered consisting of testimony of the general manager of the importing company. This witness stated that the correct price of these plates was "$21.08 gross, each piece" and that the seller of the merchandise made an adjustment accordingly. There was introduced in evidence some correspondence between the seller in Czechoslovakia and the plaintiff herein, in regard to an adjustment of the price (collective exhibit 1). This witness further testified that entry was made by customs brokers who were given the invoice and other papers by the importing firm together with general instructions, governing all of plaintiff's importations, to enter according to the invoices.

The applicable statutes are found in section 501, as amended, and section 503 of the Tariff Act of 1930 and, so far as pertinent, are as follows:

SEC. 501. NOTICE OF APPRAISEMENT—REAPPRAISEMENT.
* * * The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. * * *

SEC. 503. DUTIABLE VALUE.
(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section, the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

*　　　*　　　*　　　*　　　*　　　*　　　*

There is no dispute but that the value found by the appraiser is the same as the entered value. The decisions have held that there can be no relief on the ground of clerical error unless the final appraised value is equal to or less than the entered value would be if the correction were allowed. *Giarrantani & Perricone* v. *United States*, 67 Treas. Dec. 1095, Abstract 29987; *Bernard* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *Levor* v. *United States*, 54 Treas. Dec. 693, Abstract 7361; *Corre* v. *United States*, id. 709, Abstract 7462; *Tower* v. *United States*, 55 Treas. Dec. 1110, Abstract 8470; *McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401; *Decorative Plant Co.* v. *United States*, 59 Treas. Dec. 1543, Abstract 15078.

Even were we to find that plaintiff had sustained its burden of proof on the question of clerical error, under the above ruling no relief could be granted. See also *Leung Gum Jee* v. *United States*, 25 Cust. Ct. 231, Abstract 54516.

Plaintiff's claims are overruled. Judgment will be rendered for the defendant.